IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN J. LUKAS,

               Petitioner,                            ORDER

     v.                                       08-cv-429-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

               Respondent.

---

Before the court in this federal habeas corpus action is petitioner's motion to supplement the record with logs of telephone calls from petitioner to his attorney's residence and office; Madison Police Department report nos. 2002-20252, 2002-125-040 and 2003-9879; and affirmations, depositions, interrogatories and testimony in the John Doe hearings and subsequent criminal investigation and charges thereof one Julie A. Sternal. Dkt. 12. Petitioner also has filed two ex parte motions for the issuance of a subpoena: 1) for the Dane County Clerk of Courts to produce John Doe hearing documents, dkt. 13, and 2) for the Madison Police Department and/or Dane County Sheriff's Department to produce the police reports, dkt. 14.

A § 2254 petitioner is allowed to invoke discovery, but only "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Habeas Corpus Rule 6(a); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In order to meet the Rule 6(a) requirements, petitioner must "(1) make a colorable

claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." *Henderson v. Walls*, 296 F.3d 541, 553 (7th Cir. 2002) (citing *Harris v. Nelson*, 394 U.S. 286, 298-300 (1969)).

Petitioner's case is still in its early stages. Respondent only recently filed his response to the petition, and petitioner has almost 20 days in which to reply. Although I do not oppose petitioner supplementing the record with the telephone logs, I am not prepared to decide whether petitioner has good cause for the court to issue the subpoenas. After reviewing the substance of petitioner's claims and the record filed by respondent, the court will determine if petitioner has good cause or whether the police reports and John Doe hearing documents are even relevant to the court's decision.

ORDER

IT IS ORDERED that petitioner's motion to supplement the record is GRANTED IN PART AND DENIED IN PART. Petitioner may supplement the record with the telephone logs that he has in his possession. The court RESERVES RULING on petitioner's ex parte motions for issuance of the subpoenas.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge