IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN J. LUKAS,

                Petitioner,                ORDER

v.

                                          08-cv-429-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

---

In this habeas corpus action brought pursuant to 28 U.S.C. § 2254, petitioner has filed three motions related to the record before the court. First, he asks that the court liberally construe his brief in support of his petition. Dkt. 19. Respondent opposes the motion to the extent that petitioner argues claims in his brief that were not raised in the petition. Dkt. 20. Second, petitioner has moved to expand the record to include more than 40 documents. Dkts. 22 and 32. Although respondent has provided some of the requested information, he opposes expanding the record to include many of the documents. Dkts. 27 and 30. Finally, petitioner has moved to compel the production of certain documents not produced in response to his motion to expand the record. Dkt. 28.

I. **Motion for Liberal Interpretation**

Petitioner makes the general request that this court liberally construe his brief in support of his petition, arguing that he has no legal experience or education and has limited access to computers and legal materials. Although respondent agrees that *pro se* pleadings should be liberally construed, *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), he notes that *pro se*

habeas petitioners still must set forth cognizable claims and include all grounds for relief in their petitions. *See* Rule 2(c) of the Rules Governing Section 2254 Cases. Respondent is correct. It is unclear from petitioner's motion why petitioner is seeking a liberal interpretation of his brief. To the extent that he may be asking the court to consider arguments unrelated to the claims that he raised in the petition, his request is denied. However, I note that the court reviews habeas petitions carefully and construes *pro se* filings liberally. Petitioner need not be concerned that he will get a fair and just review of his petition, even without the help of a lawyer. Therefore, his motion is unnecessary.

## II. Motions to Expand Record and Compel

Petitioner asks that several documents be included in the record for the court's review (see dkt. 22 for specific list). Respondent did not oppose the requests made in paragraphs 1-31. However, he noted that those documents appeared to relate to claims not raised in his habeas petition. I agree. Petitioner has not shown that these documents are material to my determination that the state appellate court did not apply clearly established federal law in an unreasonable manner or make unreasonable determinations of fact in denying petitioner's claims. It is unclear whether petitioner is asking for permission to file these documents or for this court to compel respondent to produce them. However, in either case, the motion is denied with respect to the documents identified in paragraphs 1-31.

The state did not oppose and has provided the documents requested in paragraphs 32-37. Those documents will be included in the record. I note that there was some confusion over Trial Exhibit #20, which is an envelope from the phone company to the victim in this case. Dkt. 22 at ¶ 37. Initially, respondent stated that he could not locate the exhibit and would not take

further efforts to locate it unless ordered to do so. Dkt. 27 at 2. Petitioner then filed a separate motion to compel the production of that document. Dkt. 28 at 1. Soon thereafter, respondent produced what it said was Trial Exhibit #20. Dkt. 30. However, as petitioner correctly pointed out, the documents submitted were actually telephone call logs and not Trial Exhibit #20. Dkt. 32. In the end, respondent located and produced Trial Exhibit #20. Dkt. 33. Accordingly, the motion to compel this document is denied as moot. It will be included in the record.

The remaining document requested in the motion to expand the record (paragraph 38) is the presentence investigation report. Respondent objected to its production because the document was filed under seal in the circuit court and petitioner had not obtained permission to make it public. Petitioner provided what he deemed to be the relevant portions of the report in his later filed motion to compel and withdrew his request for that document. Because respondent did not object to petitioner's submission, it will be included in the record.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for liberal interpretation of brief, dkt. 19, is DENIED as unnecessary;

2. Petitioner's motion to expand the record, dkt. 22, is GRANTED IN PART and DENIED IN PART; and

3. Petitioner's motion to compel, dkt. 28, is DENIED as moot.

Entered this 27th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3