IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN J. LUKAS,

                                                                         ORDER

                Petitioner,

                                                                         08-cv-429-bbc

      v.

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner John J. Lukas has filed objections to the March 12, 2009 report of the United States Magistrate Judge, in which the magistrate judge recommended denial of the petition for a writ of habeas corpus that petitioner filed under 28 U.S.C. § 2254. Petitioner is challenging his conviction in the Circuit Court for Dane County, Wisconsin, of the crimes of stalking, threats to injure/accuse of a crime, intimidating a victim, obstructing an officer and bail jumping. He contends that his conviction violates the Constitution because the jury that convicted him had insufficient evidence to support the stalking verdict and because both his first trial counsel and his replacement counsel provided constitutionally ineffective representation. He alleges that his first trial counsel revealed confidential and false information to the court while seeking to be relieved of his obligation to defend petitioner

and that his replacement counsel failed to impeach the complaining witness's testimony.

The magistrate judge concluded that the state courts did not apply clearly established federal law in an unreasonable manner or make unreasonable determinations of fact in denying petitioner's claims.  From my own review of the record, the briefs and petitioner's objections, I am persuaded that the magistrate judge's conclusion is correct.  Although petitioner has submitted lengthy objections, none of them establishes that the state courts erred in any respect.  In the absence of any error on their part, a federal court cannot grant a petition for relief from a state court conviction.  28 U.S.C. § 2254(d).

Many of petitioner's extensive objections are minor in nature.  For example, he objects to the magistrate judge's finding of fact that defendant's first counsel moved to withdraw on January 5, 2004, "the day scheduled for either a trial or a plea."  He says that January 5 was "a scheduled **Jury Selection**, and not a trial or a plea."  Mem. Disputing Recom., Dkt. #42, at 2.  (Emphasis in original.)  Exactly what was scheduled to happen on January 5 is irrelevant to the issue of ineffectiveness of counsel (and to any other issue).

Petitioner alleges only one ground in support of his contention that his first defense counsel was constitutionally ineffective, which is, that in asking for permission to withdraw, counsel told the court that petitioner had called him repeatedly at his home, swearing at him about his failure to handle petitioner's case in the manner petitioner wanted.  Petitioner contends that the trial court relied on this information, which counsel had a duty to keep

2

confidential. He adds that the information was inaccurate: petitioner had not called as often as counsel told the court and he had not obtained counsel's home number in any nefarious way but had been provided it by a member of the firm for which counsel had worked.

In a post-sentencing hearing, the trial court considered petitioner's claim that his first counsel had not provided adequate representation because of his disclosure of damaging and inaccurate information about petitioner's many telephone calls. Addressing this claim, the court said that it had not relied on the information disclosed or allowed it to affect its sentencing decision. It explained that counsel had not wanted to disclose his reasons for wanting to withdraw but realized that the court would not countenance another continuance without good reason. The court noted that it had spent at least 20 pages outlining its reasons for sentencing petitioner as it did and concluded by saying that it would not have sentenced petitioner any differently had it not heard his counsel's disclosure about the phone calls. The appellate court accepted the trial court's explanation that it had given no weight to petitioner's phone calls to counsel when it sentenced petitioner. Petitioner has not shown any reason why this court should find that the state courts erred in deciding his claim of ineffectiveness of his first defense counsel.

As to replacement counsel, petitioner challenges his effectiveness on a number of grounds. He says that counsel did not introduce evidence of call logs showing that petitioner

3

had not called Julie Sternal, the complaining witness, as many times during the period January 28, 2003 to March 20, 2003 as Sternal had claimed; he did not impeach Sternal with the discrepancy between her testimony at trial that she had driven back to her apartment on a particular evening when she had told the police earlier that a co-worker, Karl Granberg had been driving; he not try to impeach Sternal's testimony at trial that she had gone to see petitioner after the court had issued a temporary restraining order against petitioner, although he could have introduced Sternal's May 21, 2003 letter to the court, asking to have the charges against petitioner dropped and saying that petitioner had had no contact with her after the restraining order had been issued; he did not ask Sternal about her telling petitioner while he was in jail that someone else had threatened her; and he did not play a recording of a telephone conversation taped by the jail on September 8, 2003, in which Sternal told petitioner she loved him.

At the conclusion of the court's post-sentencing evidentiary hearing, the court held that even if counsel had impeached Sternal in the various ways that petitioner thought he should have, the impeachment and new evidence would not have changed the jury's verdict. The state court of appeals reached the same conclusion, finding the issues that petitioner had identified to be irrelevant or cumulative of other evidence. The court said that it was satisfied in light of all the other evidence at trial and the jurors' opportunity to judge Sternal's credibility for themselves that petitioner had not suffered any prejudice as a result

4

of his counsel's alleged ineffectiveness. This was a reasonable conclusion to draw.

Petitioner's final challenge is to the sufficiency of the evidence. He starts by attacking the magistrate judge's reliance on the wrong version of Wis. Stat. § 940.32(2). He says that the magistrate judge discussed the current version of the statute rather than the one in effect when he was tried. It appears that petitioner is correct but the differences in the two statutes do not affect the outcome.

The version of § 940.32(2) in effect in 2003 read as follows:

(2) Whoever meets all of the following criteria is guilty of a Class A misdemeanor:

(a) The actor intentionally engages in a course of conduct directed at a specific person that would cause a reasonable person to fear bodily injury to himself or herself or a member of his or her immediate family or to fear the death of himself or herself or a member of his or her immediate family.

(b) The actor has knowledge or should have knowledge that the specific person will be placed in reasonable fear of bodily injury to himself or herself or a member of his or her immediate family or will be placed in reasonable fear of the death of himself or herself or a member of his or her immediate family.

(c) The actor's acts induce fear in the specific person of bodily injury to himself or herself or a member of his or her immediate family or induce fear in the specific person of the death of himself or herself or a member of his or her immediate family.

Petitioner argues that the state never proved either that he intended to cause Sternal fear of bodily injury or death or that Sternal feared bodily injury or death from petitioner. The state courts found to the contrary, applying a standard that conformed to the one set out by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979),

5

as the magistrate judge explained. R&R, dkt. #35, at 13-14.

Despite petitioner's lack of success in persuading any court to agree with him, he continues to believe that the state's proof of stalking could have been rebutted by a showing that the victim expressed love for the stalker and still wanted to spend time with him. He does not seem to understand that a victim can continue to feel love for a person who is causing her to fear that she or her family members may suffer bodily injury or death at his hands. Although Sternal's expressions of love for him and her willingness to visit him in the county jail could be consider some evidence that she did not fear bodily injury or death from him, the jury heard both her expressions of love for petitioner and her testimony that she feared that he might beat her again in the future or harm her family. (Petitioner argued that his counsel was ineffective in not playing a part of a taped telephone recording in which Sternal expressed her love for petitioner. In fact, counsel introduced into evidence a different tape recording of a telephone call in which Sternal expressed her love for petitioner again and again, even suggesting that they run off to a foreign country together.) It was within the jury's discretion to determine that petitioner had intended to cause Sternal to fear bodily injury or death if she tried to stop seeing him or disobeyed him in some respect; it was also reasonable for the jury to find that he had induced fear in her of bodily injury or death.

The state courts found that the evidence at trial was sufficient to permit the jury to find that Sternal reasonably feared bodily injury or death from petitioner and that he

6

continued to pose a threat to her, even though he was in jail. As the magistrate judge noted, R&R, dkt. #35, at 15, this court must defer to the factual findings of the state courts in the absence of a showing by the petitioner of "clear and convincing evidence that the state court determination was erroneous." Hinton v. Uchtman, 395 F.3d 810, 819 (7th Cir. 2005). Petitioner never made such a showing.

ORDER

IT IS ORDERED that the United States Magistrate Judge's recommendation is ADOPTED; petitioner John J. Lukas's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 is DENIED.

Entered this 3rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge